## UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA
## NORFOLK DIVISION

HURLEY L. PEEBLES, JR.,

    Plaintiff

v.                                          Case No.: 2:16cv202

COMMERCIAL TRUCK CENTER
OF VIRGINIA, LLC,
a foreign limited liability company

    Defendant

Serve: W. Stewart Deacon, III, Reg. Agent
        COMMERCIAL TRUCK CENTER OF VIRGINIA LLC
        740 S. Military Hwy.
        Virginia Beach, Virginia 23464



FILED
APR 25 2016
CLERK, US DISTRICT COURT
NORFOLK, VA

## COMPLAINT

COMES NOW the Plaintiff, Hurley L. Peebles, Jr. ("Plaintiff"), by counsel, and as and for his Complaint against the Defendant Commercial Truck Center of Virginia, LLC ("Defendant"), states and alleges as follows:

### Jurisdiction and Venue

1.    This Court has diversity jurisdiction under 28 U.S.C. § 1332, as the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and fees.

2.    Venue is proper in this District and Division under 28 U.S.C. § 1391 (a) and (b) because a substantial number of the events or omissions giving rise to this claim arose within this District and Division and because Defendant is subject to jurisdiction in this District and Division.

## Parties

3. Plaintiff is a natural person and a resident of the City of Portsmouth, Virginia.

4. Defendant is a limited liability company organized under the laws of the State of North Carolina with its principal office being located in Maryland. Defendant maintains a sales and service facility in the City of Virginia Beach, Virginia within this District and regularly does business within the Commonwealth of Virginia.

## Allegations of Fact

5. Plaintiff is a commercial truck driver with over 34 years of driving experience.

6. In or around June of 2015, Plaintiff was seeking to purchase a used truck for use in his business and occupation as a trucking contractor.

7. In or around early June of 2015, Plaintiff learned of the existence of Defendant's sales facility in Virginia Beach and visited it in order to look at trucks for sale.

8. While at Defendant's facility, Plaintiff met with an agent, servant and employee of Defendant named Belinda Pritchard ("Ms. Pritchard"), a salesperson, and discussed his needs. Ms. Pritchard suggested to Plaintiff that Defendant had a suitable truck for him, but that it was currently unavailable to view as it was being serviced at that time and that Plaintiff should return in a couple of days to see the truck, a certain 2006 Freightliner Century Class S/T 120 (the "Truck").

9. Plaintiff specifically inquired of Ms. Pritchard the type and scope of work performed on the Truck. Ms. Pritchard specifically represented to Plaintiff that the Truck was only undergoing "cosmetic" work.

10. Ms. Pritchard made this representation to Plaintiff within the course and scope of her employment as a salesperson by Defendant and in furtherance of Defendant's business.

11. On or about June 5, 2015, after viewing the Truck and based upon Defendant's representations by and through Ms. Pritchard, Plaintiff purchased the Truck, via finance agreement, for a total price, excluding interest, of $30,331.15, with such sum including $5,361.15 for a service contract and $960.00 in other charges.

12. After purchasing the Truck, Plaintiff was able to work as an independent owner-operator and he entered into a contractual agreement with a transportation company, DB3 Logistics, Inc., to use the Truck to haul freight for it.

13. On or about September 26, 2015, while operating the Truck in the course of his work as an independent owner-operator near Roanoke Rapids, North Carolina, Plaintiff experienced problems with the Truck's gears not shifting properly.

14. Upon inspection, it was determined that the bell housing encasing the Truck's transmission appeared to have separated and was not fully bolted, causing the transmission components to come loose.

15. The following morning, upon Plaintiff calling Defendant, Ms. Pritchard admitted to Plaintiff that the repairs previously represented to Plaintiff to be solely cosmetic actually involved significant transmission work. First, Ms. Pritchard stated that Defendant had replaced the transmission clutch. Later, Ms. Pritchard claimed that Defendant had not replaced the clutch, but had only "adjusted" the clutch.

16. The Truck's clutch was located within the bell housing, requiring Defendant to have opened the bell housing in order to work on the clutch.

17. Upon information and belief, Defendant failed to properly re-secure the bell housing, leading to its eventual failure and the resultant damage to the Truck and rendering it inoperable.

18. Plaintiff received an oral estimate to repair the damage of approximately $6,000.00 to $10,000.00 from the garage in Roanoke Rapids to which he had the Truck towed.

19. As the bell housing was not a "moving part" covered under his service contract, Plaintiff was not afforded payment for the repairs from Premium 2000+, the issuer of his service contract purchased with the Truck.

20. Plaintiff was unable to afford to repair the Truck out of his own pockets, which, in turn, led to him suffering further financial hardship as he was unable to work under his contract, and thus earn income, while the Truck was out of service.

21. Plaintiff's financial hardship and inability to earn income led to him being unable to continue to make monthly payments under the financing agreement by which he purchased the Truck, which led to the Truck being repossessed.

22. Plaintiff has subsequently found work as an employee-driver, at a significant reduction in income.

23. Based upon his decades of experience in the trucking industry, Plaintiff absolutely would not have purchased the Truck had he been told that it had required transmission repair, as opposed to simply the claimed "cosmetic" repairs.

24. Based on his decades of experience in the trucking industry, Plaintiff took Defendant's representation, as made by and through Ms. Pritchard, that the Truck was only undergoing "cosmetic" repairs to mean relatively minor exterior or appearance work.

### Count I—Fraudulent Inducement

25. Plaintiff respectfully incorporates by reference the allegations of Paragraphs One through Twenty-Four as if set forth herein.

26. Defendant, acting by and through Ms. Pritchard, falsely represented to Plaintiff the type and scope of repair work performed on the Truck by stating it was simply of a cosmetic nature.

27. Such misrepresentation was of a present and material fact and was made before any contract between the two parties came into existence.

28. Defendant intentionally misrepresented the nature of the repair work in order to induce Plaintiff to purchase the Truck in reliance on a false understanding of the condition of the Truck.

29. Plaintiff reasonably relied on the misrepresentation and had no good cause to question that a truck dealer would be performing minor cosmetic and exterior repairs to a used truck it was marketing for sale. Plaintiff's reasonable reliance was foreseeable to Defendant.

30. Plaintiff has suffered damages as a result of his foreseeable reasonable reliance upon the Defendant's intentional misrepresentation of present and material fact.

31. Plaintiff's damages were directly and proximately caused by Defendant's fraudulent misrepresentation.

## Count II—Negligence

32. Plaintiff respectfully incorporates by reference the allegations of Paragraphs One through Twenty-Four as if set forth herein.

33. Defendant had a duty to accurately represent the nature of the work performed on the Truck to Plaintiff and to perform the work in a good and workmanlike manner.

34. Defendant breached such duties by failing to accurately represent the nature of the work performed on the Truck to Plaintiff and by failing to perform the work in a good and workmanlike manner before any contract between the two parties came into existence.

35. Such breaches directly and proximately caused damage to Plaintiff, and such causation of damages was foreseeable.

WHEREFORE, the Plaintiff, Hurley L. Peebles, Jr., by counsel, prays that this honorable Court grant judgment in his favor and against the Defendant including, but not limited to:

a. rescission of the sale purchase contract;

b. actual monetary damages including, but not limited to, the sales price of the truck, service contract and other costs, lost wages, derogation of credit and lost business opportunities;

c. such non-economic damages as may be appropriate including, but not limited to emotional distress, annoyance, inconvenience and aggravation;

d. punitive damages;

e. his attorney's fees and costs;

f. such other relief as may be deemed just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Dated: 4/21/16

Respectfully submitted:

_____
Steven B. Wiley (VSB No. 47531)
WILEY LAW OFFICES, PLLC
440 Monticello Ave., Suite 1817
Norfolk, Virginia 23510
757-955-8455
757-319-4089 facsimile
swiley@wileylawoffices.com

Todd M. Gaynor (VSB No. 47742)
GAYNOR LAW CENTER, P. C.
440 Monticello Ave., Suite 1800
Norfolk, Virginia 23510
(757) 828-3739

(757) 257-3674 facsimile
tgaynor@gaynorlawcenter.com

*Attorneys for Plaintiff*